UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DOUGLAS E. RICE                                                                          PLAINTIFF

v.                                    No. 4:21-cv-00791-BRW-JTR

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                                          DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Bill R. Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

## I. INTRODUCTION

Pending before the Court is a Motion to Dismiss filed by Defendant, Acting Social Security Commissioner "(Commissioner"), *Doc. 10*, who contends that

Plaintiff Douglas Rice ("Rice") waited too long to file his Complaint. Rice has not filed a Response and the time to do so has passed.[1]

For the reasons stated below, the Court finds Rice's Complaint is untimely. In addition, there is no basis in this record to equitably toll the filing deadline and to permit judicial review on the merits. Thus, the Commissioner's Motion should be GRANTED.

## II. BACKGROUND

On October 16, 2019, the United States District Court for the Eastern District of Arkansas remanded Rice's case for further administrative proceedings. *Rice v. Social Security Administration*, Case No. 4:19CV00135-BRW-JJV (E.D. Ark. Oct. 16, 2019). On April 21, 2021, an Administrative Law Judge issued a decision denying Rice's remanded claim for benefits. *Doc. 10-1 at 5-30*. The Notice of Decision contained detailed instructions and timelines regarding "Filing An Action In Federal District Court." *Doc. 10-1 at 6*.

On September 7, 2021, Rice initiated this action by filing a Complaint seeking review of the Commissioner's decision denying benefits. *Doc. 2*. Rice does not dispute that his Complaint was untimely filed.

---

[1] Rice's counsel indicated through correspondence that they did not anticipate filing a Response.

### III.  DISCUSSION

By statute, a claimant seeking judicial review of the Social Security Administration's ("SSA's") final denial of benefits must commence a civil action "within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner may allow." 42 U.S.C. § 405(g). Rice did not file his Complaint until after the deadline. *Docs. 2 & 10.* Absent tolling, Rice's filing is untimely.

The time to initiate judicial review is subject to equitable tolling "where the equities in favor of tolling the limitations period are so great the deference to the agency's judgment are inappropriate." *Bowen v. City of New York*, 476 U.S. 467, 480 (1986). Thus, § 405(g)'s filing deadline is subject to "traditional equitable tolling" principles. *Id.* (omitting internal quotations and citation).

To successfully claim the benefit of equitable tolling, Rice must establish that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way. See *Thompson v. Comm'r of Soc. Sec. Admin.*, 919 F.3rd 1033, 1037 (8th Cir. 2019) (applying the habeas standard found in *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807 (2005) to 42 U.S.C. § 405(g), without deciding whether a stricter standard applies in a nonhabeas action). Excusable neglect is insufficient for equitable tolling. *Kender v. Saul*, 449 F. Supp. 3d 854, 862 (E.D. Ark. 2020). To establish an "extraordinary circumstance," Rice

must show there was an external obstacle beyond his control that prevented timely filing. *Thompson*, 919 F.3rd at 1037.

Here, Rice has not provided any information regarding diligence or extraordinary circumstance. The record shows his Complaint is untimely. There is no basis in this record to equitably toll the filing deadline and to permit judicial review on the merits.

## IV.  CONCLUSION

IT IS THEREFORE RECOMMENDED that the Defendant Commissioner's Motion to Dismiss, *Doc. 10*, be GRANTED, and Rice's Complaint be considered DISMISSED.

DATED this 15th day of June, 2022.

_____
UNITED STATES MAGISTRATE JUDGE